IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| **LINDA ADAMS, et al.,** § | | |
| § | | |
| § | | |
| **Plaintiffs,** § | | |
| v. § | CASE NO. 1-06-CV-0541 | |
| § | | |
| **WEST TELEMARKETING, L.P. f/k/a** § | | |
| **WEST TELEMARKETING** § | | |
| **CORPORATION,** § | | |
| **Defendant.** § | | |

**DEFENDANT WEST TELEMARKETING, L.P.'S MOTIONS TO DISMISS AND
MEMORANDUM OF LAW IN SUPPORT OF SAME**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant West Telemarketing, L.P., f/k/a West Telemarketing Corporation ("West" or "Defendant") files its Motion to Dismiss and Memorandum of Law in Support of Same ("Motion to Dismiss") pursuant to Federal Rule of Civil Procedure 12(b)(1). For the reasons discussed in more detail below, West's Motion to Dismiss should be granted and Plaintiffs' claims dismissed with prejudice because there is no longer a case or controversy before the Court and therefore the Court lacks subject matter jurisdiction.

**I.      INTRODUCTION AND BACKGROUND**

Plaintiffs Linda Adams, Tomeika Colone, Johnetta Colone, and Brandi Briggs ("Plaintiffs") bring this action under Section 16(b) of the Fair Labor Standards Act, 29 U.S.C. § 216(b), (the "Act" or "FLSA"). Plaintiffs allege that they and potentially other similarly-situated telephone representatives at West facilities participated in a "jump start" program for 10 – 15 minutes per day without being compensated and are entitled to overtime compensation under the Act. Plaintiffs do not assert any minimum wage violations. West denies Plaintiffs' allegations.

Plaintiffs filed their Complaint on September 8, 2006. Plaintiffs assert that the relevant time period is September 2003 to present. However, the FLSA has a two year limitations period making the relevant time period September 2004 to present.[1] 29 U.S.C. §255(a).

As part of the discovery process, West has produced payroll records covering the time period September 2003 to the present. (*See* Affidavit of Karen Stockwell, attached hereto as Exhibit A, at ¶¶ 3-5.)[2] These records establish that, even if you assume Plaintiffs' allegations are true, their damages are minimal or nonexistent.

Plaintiff Briggs was terminated on May 29, 2003, more than three years before Plaintiffs filed suit. (*See* Exhibit A at ¶9). As such, Briggs' claims are barred by limitations.[3] Accordingly, Briggs is not entitled to any recovery under the Act. On June 5, 2007, however, West made an Offer of Judgment to all Plaintiffs, including Briggs, to resolve the case. Even though Briggs' claims are completely time-barred, West's Offer of Judgment offered Briggs $100.00 plus costs and attorney's. (*See* June 5, 2007 Offer of Judgment, attached as Exhibit B.) This amount is more than Briggs could ever recover on her time-barred FLSA claims in this suit.

Johnetta Colone was terminated on January 16, 2004. (*See* Exhibit A at ¶8). As such, Johnetta Colone's claims are barred by the applicable two year limitations period. However, even assuming a three-year limitations period, , Johnetta Colone's alleged overtime damages are non-existent or minimal.

First, Johnetta Colone was not a telephone representative—the relevant class as pled by Plaintiffs—during the period September 2003 to present. Johnetta Colone has not been a

---

[1] In order for Plaintiffs to get the benefit of a three year limitations period, they must plead and prove that West committed a willful violation of the Act. Neither Plaintiffs' Original or Amended Complaint allege a willful violation of the Act. In fact, Plaintiffs make no mention of a willful violation nor do they allege facts sufficient to support a willful allegation. Moreover, the Court's deadline for amending pleadings passed more than a month and a half ago, on April 20, 2007.
[2] Plaintiff Brandi Briggs was not employed during this period and therefore has no relevant Earnings Statements.
[3] Moreover, even under a three year limitations analysis, Briggs claims are time-barred.

telephone representative since 2001. (*See* Exhibit A at ¶6). Johnetta Colone was hired for the position of Telephone Representative on January 13, 2001. She was then promoted to Section Leader on August 28, 2001. (*Id.*) She was promoted again to Quality Advisor on September 15, 2003. (*Id.* at ¶7.) As such, she has not been part of the relevant class of employees—as defined by Plaintiffs—more than 2 years before the class period began.

However, assuming that she was a telephone representative through her termination date, that she worked seven days a week from September 2003 through her January 16, 2004 termination date, and participated in "jump start" for fifteen (15) minutes every day, her overtime damages would only be $137.49.[4] Assuming that liquidated damages pursuant to the FLSA are applicable Johnetta Colone's damages would only be $274.98. West's Offer of Judgment offered Johnetta Colone $350.00, plus costs and attorneys' fees accrued through the date of the offer. This amount is more than Johnetta Colone could ever recover on her FLSA claims.

Tomeika Colone resigned from West on October 26, 2005. Therefore, the relevant period for her claims is September 2004 through October 2005. During this time period, Tomeika Colone's overtime damages, assuming that she worked seven days a week from September 2004 through her October 26, 2005 termination date, and participated in "jump start" for fifteen (15) minutes every day would only be $157.68. Further, even assuming a three year limitations period, Tomeika Colone's alleged overtime damages from September 2003 to October 2005 would only be $319.46. Assuming that liquidated damages pursuant to the FLSA are applicable, Tomeika Colone's claim would only be $638.92. West's Offer of Judgment offered Tomeika

---

[4] West calculated the alleged overtime damages by adding fifteen minutes per day (1.75 hours per week) to every week Plaintiffs worked during the relevant period. If she worked more than forty hours in the given week, before the addition of the 1.75 hours, West calculated the alleged overtime damages stemming from the addition of 1.75 hours as follows: (1.75 hours x (1.5 x the regular rate for the week in question)) = damages. If she worked more than 38.25 hours but less than 40 hours, West calculated the alleged damages stemming from the additional hours as follows: ((actual time worked + 1.75 hours) − 40 hours) x (1.5 x the regular rate for the week in question) = damages. If she worked less than 38.25 hours adding an additional 1.75 hours did not create any overtime damages.

Colone $800.00, plus costs and attorneys' fees accrued through the date of the offer. This amount is more than Tomeika Colone could ever recover on her FLSA claims.[5]

West terminated Linda Adams on February 14, 2007. Adams sworn interrogatory responses state that the "jump start" program "included 10-15 minutes each day she reported to work for which she was not compensated." (Plaintiff's Answers to Interrogatories Propounded by Defendant at No. 6, attached as Exhibit C.) Adams also states that her "schedule varied from between 5-7 days a week." (*Id.*) However, Adams sworn interrogatory responses state that she only worked the jump start program "from approximately Jan. 2001 until December 2004." (*Id.*)

Therefore, the relevant period for her claims, is September 2004 through December 2004. During this time period, Adams' overtime damages, assuming that she worked seven days a week from September 2004 through December 2004, and participated in "jump start" for fifteen (15) minutes every day, would only be $220.16. Further, assuming a three year limitations period, Adams' alleged overtime damages from September 2003 to December 2004 would only be $857.32. Assuming that liquidated damages pursuant to the FLSA are applicable, Adams' alleged overtime damages would only be $1714.64. West's Offer of Judgment offered Adams $2,000.00, plus costs and attorneys' fees accrued through the date of the offer. This amount is more than Adams could ever recover on her FLSA claims.

## II.   PROCEDURAL ISSUES AND STANDARDS

A court may dismiss a case for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). In deciding a Rule 12(b)(1) motion to dismiss, a court can weigh evidence to satisfy itself whether its has authority to decide the dispute. *See MDPhysicians & Assocs., Inc. v. Board of Ins.*, 975 F.2d 178, 181 (5th Cir. 1992). A Rule

---

[5] As West's counsel represented to the Court and has informed Plaintiffs' counsel, the "jump start" program about which Plaintiffs complain ended in March 2005. For purposes of West's offer of judgment, West assumed that the program continued through the date of Tomeika Colone's termination in October 2005.

12(b)(1) motion to dismiss can be asserted as either a facial or factual attack on the court's jurisdiction. *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). The court's standard of review depends on the type of motion the defendant asserts.

When a defendant makes a factual attack on a court's subject matter jurisdiction through the submission of evidence in support of the motion to dismiss "a plaintiff is also required to submit facts through some evidentiary method and has the burden of proving by a preponderance of the evidence that the trial court does have subject-matter jurisdiction." *Id.* When reviewing extrinsic evidence for a Rule 12(b)(1) motion, no presumption of truthfulness attaches to the plaintiff's allegations. *Williamson v. Tucker*, 645 F.2d 404, 412-13 (5th Cir. 1981). "The existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of the jurisdictional allegations." *Id.*

### III.  ARGUMENT AND AUTHORITY

West's Rule 68 Offer of Judgment offers more than full relief to all the Plaintiffs in this case and therefore mandates dismissal of this action with prejudice. Article III of the U.S. Constitution only confers jurisdiction to the federal courts over "cases and controversies." Where a party no longer has a personal interest in the litigation because she has received full relief, her claims are effectively mooted and the court no longer has subject matter jurisdiction. Nothing about the nature of this case, including the fact that it is styled as a Section 216(b) "collective action" prevents the application of this doctrine. Accordingly, Plaintiffs' claims must be dismissed with prejudice.

### A.  Dismissal for Lack of Subject Matter Jurisdiction Is Proper if there is No "Case or Controversy."

There must be a "case or controversy" for a federal court to exercise subject matter jurisdiction. Article III of the U.S. Constitution confers on the federal courts jurisdiction over

cases and controversies. *Holstein v. City of Chicago*, 29 F.3d 1145, 1147 (7th Cir. 1994). For a case or controversy to exist, both parties must have a personal interest in the case throughout the litigation, not just at the beginning of the case. *Id.* (*citing United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 396 (1980).

"A case becomes moot when the dispute between the parties no longer rages, or when one of the parties loses his personal interest in the outcome of the suit." *Id.* (*citing Banks v. NCAA*, 977 F.2d 1081, 1085 (7th Cir. 1992), cert. denied, 508 U.S. 908 (1993)). "Once the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate, and a plaintiff who refuses to acknowledge this loses outright, under Fed.R.Civ.P. 12(b)(1), because he has not remaining stake." *Id.* (internal quotations and citations omitted.) It is well settled that "federal courts lack jurisdiction to decide moot cases because their constitutional authority extends only to actual cases or controversies." *Iron Arrow Honor Society v. Heckler*, 464 U.S. 67, 70 (1982). The fundamental case and controversy requirement is not limited to single plaintiff actions.

**B.  A Name Plaintiff in a FLSA Collective Action Whose Claims are Moot Has No Right to Represent Potential Opt-In Plaintiffs.**

If a defendant moots the claims of a plaintiff in an FLSA action by providing the plaintiff full recovery, the court loses jurisdiction over the case. In *Cameron-Grant v. Maxim Healthcare Services, Inc.*, the Eleventh Circuit addressed the issue of mootness in the context of an FLSA action.[6] 347 F.3d 1240, 1243-49 (11th Cir. 2003). The court addressed the issue of whether "a district court's denial of motion to notify potential opt-in plaintiffs under § 216(b) of the FLSA may be reviewed on appeal after the named plaintiffs' personal claims have become 'moot.'" *Id.* at 1244. Further, the court analyzed "whether the named plaintiff in a § 216(b) action under the

---

[6] The Fifth Circuit has not addressed this issue. The Eleventh Circuit, however, relied on the Fifth Circuit's opinion in *LaChappelle v. Owens-Illinois, Inc.*, 513 F.2d 286, 287-88 (5th Cir. 1975) reaching its conclusions.

FLSA has the right to represent other plaintiffs-that is, whether the named plaintiff has a procedural right analogous to the right provided for by Rule 23 in which the plaintiff can have a personal stake." *Id.* at 1247.

The *Maxim* court noted the important distinctions between the opt-in FLSA collective actions and the opt-out Rule 23 class actions. *Id.* at 1248. The court held "that §216(b) is a fundamentally different creature than the Rule 23 class action." *Id.* at 1249. "Even if the §216(b) plaintiff can demonstrate that there are other plaintiffs 'similarly situated' to him . . . he has no right to represent them." *Id.* The court held that "under § 216(b), the named plaintiff does not have the right to act in a role analogous to the private attorney general concept." *Id.* As such, the court held that "because [the plaintiff] ha[d] no remaining personal claims, this action is moot." *Id.*

The *Maxim* holding relies heavily on the Fifth's Circuit's holding in *LaChappelle*, 513 F.2d at 288. In *LaChappelle*, the Fifth Circuit held that "[t]here is a fundamental, irreconcilable difference between the class action described by Rule 23 and that provided for by FLSA § 16(b)." *Id.* The court described the differences between a class action and a collective action. "In a Rule 23 proceeding a class is described; if the action is maintainable as a class action, each person within the description is considered to be a class member and, as such, is bound by judgment, whether favorable or unfavorable, unless he has "opted out" of the suit." *Id.* "Under § 16(b) of FLSA, on the other hand, no person can become a party plaintiff and no person will be bound by or may benefit from judgment unless he has affirmatively "opted into" the class; that is, given written, filed consent." *Id.*

The *LaChappelle* and *Maxim* holdings clearly delineate the differences between the purposes of Rule 23 class actions and § 216(b) collective actions. Unlike a Rule 23 class action

Page 7

522029

plaintiff, a § 216(b) collective action plaintiff only has an interest in her own claim. As such, once her claim is satisfied, the collective action plaintiff's claims are moot and the fully satisfied plaintiff has no right to continue the action. *See Maxim*, 347 F.3d at 1249. In this situation, dismissal for lack of subject matter jurisdiction is required.

      **C.**      **An Offer of Judgment That Provides Full Value To All Named Plaintiffs and Eliminates Subject Matter Jurisdiction is a Proper Method to Dispose of a FLSA Collective Action.**

The court should dismiss an FLSA collective for lack of subject matter jurisdiction if the defendant has made an offer of judgment that fully compensates the named plaintiffs. *See Rollings v. Systems Integration, Inc.*, No. 4:05-CV-408-7, 2006 WL 3486781, *4 (N.D. Tex. Dec. 4, 2006). In *Rollings*, the court considered a Rule 12(b)(1) motion to dismiss a suit pled as an FLSA collective action. The defendant filed a motion to dismiss after serving a Rule 68 offer of judgment "designed to afford [the plaintiff] all relief he would be entitled to under section 216(b) of the FLSA if he succeeded on the merits." *Id.*

The court held that "at the point that [the defendant] made that offer, [the plaintiff's] legal dispute became moot because he no longer had any case or controversy." *Id.* The court held that the plaintiff's "case became moot because he no longer had a legally cognizable interest in the outcome of the litigation." *Id.* (*citing City of Erie v. Pap's A.M.*, 529 U.S. 277, 278 (2000). The court stated that "[e]ven though [the plaintiff] rejected the offer, 'you cannot persist in suing after you've already won." *Id.* (*citing Greisz v. Household Bank*, 176 F.3d 1012, 1015 (7th Cir. 1999).

The *Rollings* court also addressed the collective action issue. The court held that the fact that the suit was pled as a collective action did not prevent dismissal because the plaintiff in a collective action has no right to represent a class. *Id.* at *5 (*citing* 29 U.S.C. §216(b) ("No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."); *see*

Page 8

*also LaChappelle v. Owens-Illinois, Inc.*, 513 F.2d 286, 289 (5th Cir. 1975)(holding plaintiff under FLSA action has no right to represent a class.)). Because there was no plaintiff with a stake in the lawsuit, the court did not have subject matter jurisdiction and dismissal was proper. *Id.* at *5.

        1.    <u>The prevailing case law requires dismissal if the offer of judgment fully satisfies the FLSA plaintiffs' claims.</u>

The *Rollings* holding is consistent with the prevailing case law. Courts have consistently granted dismissals for defendants in FLSA actions who make Rule 68 offers of judgment that provide full relief to FLSA plaintiffs. The cases discussed below provide a synopsis of relevant case law.

In *Mackenzie v. Kindred Hospitals East, L.L.C.*, the court stated that "a Rule 68 offer of judgment is an acceptable method of resolving a case brought pursuant to the FLSA." 276 F.Supp.2d 1211, 1216-19 (M.D. Fla. 2003). The court held that "[t]he defendant's offer of full relief . . . rendered this case moot, even though the plaintiff did not accept that offer." *Id.*

In *Ward v. Bank of New York*, the court held that "[u]nder Rule 68, an offer of judgment moots an FLSA collective action where the offer satisfies all damages for all plaintiffs, plus all costs and attorneys' fees." 455 F.Supp.2d 262, 267 (S.D.N.Y. 2006) The court found that the Rule 68 offer moots the plaintiff's claims "even where the plaintiff rejects the offer of judgment." *Id.*

In *Vogel v. American Kiosk Management*, the court stated that "the Rule 23 policy considerations do not apply to collective actions, as the named plaintiff in a section 216(b) action under the FLSA has no procedural right to represent other plaintiffs." 371 F.Supp.2d 122, 127-28 (D.Conn. 2005). The court held that "if the offer of judgment sufficiently covers all damages

claims by named plaintiff, plus costs and attorneys fees, it may moot the plaintiff's action, even if the plaintiff/offeree declines to accept the offer." *Id.*

In *Darboe v. Goodwill Industries of Greater N.Y.*, in deciding the effect of an offer of judgment in an FLSA case, the court held that "a Rule 68 offer of full damages, even if rejected, renders the case moot and subject to dismissal." No. CV 05-4732 --- F.Supp.2d ---, 2007 WL 1120468, *2 (E.D.N.Y. April 16, 2007).[7]

>  **D.   Dismissal of Plaintiffs' Claim is Proper Because West's Offer of Judgment Provides Plaintiffs More than Plaintiffs Could Recover if They Succeeded on the Merits.**
>
>  1.   Plaintiffs' FLSA allegations.

West's offer of judgment ends the "case or controversy" because it offers Plaintiffs more than they could recover if they succeeded on the merits. Plaintiffs allege that they are "non-exempt current and former employees who have been denied overtime pay as required by law" who seek "to recover unpaid overtime owed to them . . ..: (*See* Plaintiff's [sic] First Amended Complaint – Class Action ("Complaint") at ¶ 3, Doc. # 8.) Plaintiffs allege that they seek to represent "all telephone representatives working in West call centers from September 2003 to the present." (*Id*. at ¶ 10.) Plaintiffs allege that West required the telephone representatives to participate in a "jump start" program which allegedly required the telephone representatives to "begin working before they [were] allowed to clock or log into the system which records the time each hourly employee works." (*Id.* at ¶ 16.) Plaintiffs alleged that "these meetings last on average between five (5) and fifteen (15) minutes . . .." (*Id.*) Plaintiffs sole claim is for allegedly unpaid overtime generated by their participation in the "jump start" program.

---

[7] *See also* the following unpublished opinions, *Holcomb v. Mortgage House, Inc.* No. 6:06-cv-45-Orl-22DAB, 2007 WL 129008, *2 (M.D. Fla. January 13, 2007); *Thomas v. Interland, Inc.*, Civ. No. 1:02-cv-3175CC 2003 WL 24065651 (N.D.Ga. Aug. 25, 2003); *Briggs v. Arthur T. Mott Real Estate LLC*, No. 06-0468 (DRH)(WDW) 2006 WL 3314624 (E.D.N.Y. Nov. 14, 2006).

Further, Adams sworn interrogatory responses state that the "jump start" program "included 10-15 minutes each day she reported to work for which she was not compensated." (*See* Exhibit C, at ¶ 6.)  Adams also alleges that her "schedule varied from between 5-7 days a week." (*Id.*)  However, Adams sworn interrogatory responses state that she only worked the jump start program "from approximately Jan. 2001 until December 2004." (*Id.*)

        2.      <u>West's Offer of Judgment</u>.

West denies Plaintiffs' allegations and denies that Plaintiffs are entitled to a third year of alleged damages.  Nonetheless, West served Plaintiffs with a Rule 68 Offer of Judgment on June 5, 2007.  (*See* Exhibit B.)  West's offer is based on and, in fact, exceeds Plaintiffs' own alleged damages and exceeds Plaintiffs' best possible day in court, assuming Plaintiffs prevailed on the merits.

The most Plaintiffs Adams, Tomeika Colone, and Johnetta Colone recover for their claims of unpaid overtime, giving them every benefit of the doubt, is $1,714.64, $638.92, and $274.98 respectively.  These damages figures assume a three-year limitations period, liquidated damages, and that Adams, Tomeika Colone, and Johnetta Colone participated in the "jump start" program seven days a week for fifteen (15) minutes per day.  Applying the foregoing assumptions results in vast overestimation of these plaintiffs' damages.

West's Offer of Judgment to each of these plaintiffs exceeds these overestimated damages figures.  (*See* Ex. B.)  In addition to cost and attorneys' fees accrued as of the date of the offer, West offered Adams $2,000.00, Tomeika Colone $800.00, and Johnetta Colone $350.00.  (*Id.*)  These offers result in a windfall of hundreds of dollars for these plaintiffs and far exceed their best possible day in court.  Further, although it is undisputed that Plaintiff Briggs' claims are completely barred by limitations and that she has no right to recover any damages,

522029

West's offered Briggs $100.00 plus her costs and attorneys' fees accrued as of the date of the offer. (*Id.*)

In no circumstances could Plaintiffs ever recover amounts in excess of West's offer. Therefore, Plaintiffs' claims are moot and this Court lacks subject matter jurisdiction over these claims. *See Rollings*, 2006 WL 3486781, *4; *see also Maxim*, 347 F.3d at 1249; *Mackenzie*, 276 F.Supp.2d at 1216-19 *Ward*, 455 F.Supp.2d at 267;  *Vogel*, 371 F.Supp.2d at 127-28; *Darboe,* 2007 WL 1120468, *2; *Holcomb,* 2007 WL 129008, *2; *Thomas*, 2003 WL 24065651; *Briggs*, 2006 WL 3314624.  Accordingly, the Court should grant West's motion to dismiss.

WHEREFORE, PREMISES CONSIDERED, Defendants West prays that this Court dismissal all of Plaintiffs' claims against them pursuant to Federal Rule of Civil Procedure 12(b)(1), and grant to it such other and further relief to which it may be justly entitled.

Respectfully submitted,

SCOTT, DOUGLASS & McCONNICO, L.L.P.
600 Congress Avenue, Suite 1500
Austin, Texas  78701-2589
(512) 495-6300
(512) 474-0731 Fax

By  /s/ Julie A. Springer  _____
    Julie A. Springer, Attorney in Charge
    Texas Bar No. 18966770
    jspringer@scottdoug.com
    Michael D. Farley
    Texas Bar No. 24045862
    mfarley@scottdoug.com
    Asher B. Griffin
    Texas Bar No. 24036684
    agriffin@scottdoug.com

AND

522029

>Larry J. Simmons
>Texas Bar No. 00789628
>Pamela D. Williams
>Texas Bar No. 00784017
>Germer Gertz, L.L.P.
>P.O. Box 4915
>Beaumont, TX 77704
>(409) 654-6700
>(409) 832-2115 Fax
>
>ATTORNEYS FOR DEFENDANT WEST TELEMARKETING, L.P. f/k/a WEST TELEMARKETING CORPORATION

## CERTIFICATE OF SERVICE

I hereby certify that on June 8, 2007, I caused the following: Defendant West Telemarketing L.P.'s Motion to Dismiss and Memorandum of Law in Support of Same, to be filed electronically with the Clerk of the Court through ECF, and that ECF will send an e-notice of the electronic filing to the following:

Jane S. Leger
Matthew C. Matheny
PROVOST UMPHREY LAW FIRM, L.L.P.
Post Office Box 4905
Beaumont, Texas 77704

>/s/ Julie Springer